UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>　　　　　　Defendant. | Case No. 4:12-cv-00394-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff, the United States Secretary of Labor, has applied for a preliminary injunction to enforce the Secretary's preliminary order requiring Union Pacific Railroad Company to reinstate one of its employees (Dkt. 2). The Court concludes it lacks jurisdiction to enforce this order. It will therefore deny the Secretary's motion and dismiss her complaint.

## BACKGROUND

Gennese Annen worked as a train conductor for Union Pacific in Pocatello, Idaho. She was fired in May 2010, allegedly because she reported a workplace safety hazard and

requested medical attention following a workplace injury.  Union Pacific says Annen lied about being injured on the job.

According to the complaint, Annen injured herself on May 3, 2010, as she left a locomotive cab.  She says her bag caught on the side of the doorframe, and that this twisted her to the side.  She felt a twinge in her side, but it subsided so she went home.  Later in the day, however, Annen reported that the pain worsened and she needed medical attention.  She attempted to contact railroad officials before going to the doctor, but was unable to reach anyone.  She went ahead and visited a couple of local clinics, and ultimately got a prescription for pain medication.  Railroad personnel contacted her, however, and instructed her not to take the medication until she took a drug test.  She waited and took the test, which was negative.

Annen returned to work a few days later and was fired within a couple weeks.  Union Pacific contends Annen violated company rules by (1) failing to immediately report her injury, (2) failing to report a potential defective condition (the locomotive doorframe) and (3) lying about how the injury occurred.

Annen appealed her termination and took her case to arbitration.  The arbitrator ultimately upheld Union Pacific's decision.  But in July 2010, while her grievance was pending before the arbitrator, Annen brought an enforcement action under the Federal Railroad Safety Act (FRSA).  OSHA investigators met with Union Pacific Representatives four times – twice in December 2010, and twice in March 2011.  In August 2011, OSHA issued its initial decision and, four months later, in December 2011, OSHA issued a preliminary reinstatement order.  The Secretary of Labor filed this action

roughly eight months later, in August 2012. She asks this Court to enforce her preliminary reinstatement order.

## ANALYSIS

Union Pacific argues that federal district courts lack jurisdiction to enforce the Secretary's preliminary reinstatement orders under the Federal Railroad Safety Act. The Court agrees.

The Federal Railroad Safety Act does not provide its own rules and procedures governing enforcement actions. It imports them from anther act – the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, or the "AIR21 Act." Specifically, the Federal Railroad Safety Act provides that enforcement actions "shall be governed under the rules and procedures set forth in section 42121(b) . . . ." 49 U.S.C. § 20109(d)(2)(A).

Within § 42121(b), sub-section (5) provides that the Secretary may file a civil action in district court "[w]henever any person has failed to comply with an order issued under paragraph (3) . . . ." An "order issued under paragraph (3)" refers to final orders, given that sub-paragraph (b)(3) is titled "Final order." Further, within § 42121, Congress used the language "order issued under paragraph (3)" or similar language, to refer to final – not preliminary – orders. For example, AIR21 provides that aggrieved parties may appeal an "order issued under paragraph (3)" to a federal circuit court of appeals. *See* 49 U.S.C. § 42121(b)(4). It also provides that the Secretary must assess costs and expenses against the losing party after "such an order is issued under this paragraph" (i.e., the final-order paragraph). In both of these contexts – an appeal and a costs award –

Congress was referring final orders only – not preliminary orders, which are addressed in subparagraph (b)(2). Thus, in paragraph (b)(5), when Congress said that the Secretary may sue in federal district court "[w]henever any person has failed to comply with an order issued under paragraph (3)" it meant final orders only – not preliminary orders. Congress easily could have included preliminary orders by including orders "issued under paragraph (2)."

The Secretary nonetheless urges the Court to treat a preliminary order issued under (b)(2) just like a final order issued under (b)(3). To support this argument, the Secretary points out that preliminary orders under AIR21 prescribe the same relief as final orders. As stated in sub-section (b)(2)(A),

> [i]f the Secretary of Labor concludes that there is a reasonable cause to believe that a violation of subsection (a) has occurred, the Secretary shall accompany the Secretary's findings *with a preliminary order providing the relief prescribed by paragraph (3)(B)*.

49 U.S.C. § 42121(b)(2)(A) (emphasis added). Paragraph (3)(B) describes the remedies included in a final order – including reinstatement orders. *See* 49 U.S.C. § 42121(b)(3)(B)(ii).

The few courts addressing this issue disagree as to whether preliminary and final orders should be treated the same for federal jurisdictional purposes. Some find jurisdiction to enforce preliminary orders and others do not. *Compare Solis v. Tenn. Commerce Bancorp*, 713 F. Supp. 2d 701, 712 (M.D. Tenn. 2010) (finding jurisdiction) *with Welch v. Cardinal Bankshares Corp*. 454 F. Supp. 2d 552, 556 (W.D. Va. 2006), *vacated, appeal dismissed* (4th Cir. Feb. 20, 2008) (finding no jurisdiction).

The Ninth Circuit has yet to address this issue. To date, the only circuit authority is the Second Circuit's decision in *Bechtel v. Competitive Technologies, Inc.,* 448 F.3d 469 (2d Cir. 2006). But the *Bechtel* panel did not agree on much. Judge Jacobs, writing the lead opinion, concluded that AIR21 did not confer judicial enforcement power over preliminary reinstatement orders and thus held that the complaint should be dismissed. *Id.* at 475. Judge Leval concurred in the result, but he did not reach the jurisdictional question; he assumed jurisdiction and found that the due process requirements were not satisfied. *Id.* at 476. Judge Straub, dissenting, concluded that the district court did have jurisdiction to enforce a preliminary reinstatement order. *Id.* at 490.

This Court concludes that AIR21 does not empower federal district courts to enforce preliminary reinstatement orders. First, the fact that a preliminary order can prescribe the same relief as a final order does not mean Congress intended for federal courts to review preliminary orders. Although the relief may be the same, Congress did not indicate that preliminary and final orders should be treated the same for federal jurisdictional purposes. In this respect, the Court agrees with this observation by Judge Jacobs:

> It seems improbable that Congress would have chosen to confer federal judicial enforcement power over preliminary orders by indirection and opacity when it easily could have modified the jurisdictional provisions of AIR21 – paragraph (b)(5) and subparagraph (b)(6)(A) – to encompass subparagraph (b)(2)(A) [preliminary orders].

448 F.3d at 473.

The Secretary also argues that AIR21's statutory scheme must logically include an enforcement mechanism for preliminary orders. This argument is based on AIR21 sub-

paragraph (b)(2)(A), which provides that objecting to a preliminary order will not "stay any reinstatement remedy" in that order.  49 U.S.C. § 42121(b)(2)(A).  The Secretary concludes that if objecting to an order does not stay the order, then there must be an enforcement mechanism.

The Court is not persuaded.  It is unclear why Congress decided against allowing the Secretary to enforce preliminary orders in federal court.  But Congress may have decided that a preliminary order – which is based only on a "reasonable cause to believe the complaint has merit," 49 U.S.C. § 42121(b)(2)(A), is too tentative for present enforcement.  *See Bechtel*, 448 F.3d at 474.  Indeed, there is a "strong presumption that judicial review will be available only when agency action becomes final, . . . ." *Bells v. New Jersey*, 461 U.S. 773, 778 (1983).  Nothing in the statutory language before the Court overcomes this presumption.

For these reasons, the Court concludes that it lacks jurisdiction to enforce the Secretary's preliminary orders under the AIR21 Act.

The Secretary alternatively argues that if AIR21 does not provide federal jurisdiction of this action, FRSA itself does.  *See Mot. Memo.*, at 12.  As already explained, FRSA expressly incorporated AIR21's enforcement procedures, providing as follows:

> (iii) **Civil actions to enforce**. – If a person fails to comply with *an order issued by the Secretary of Labor pursuant to the procedures in section 42121(b),* the Secretary of Labor may bring a civil action to enforce the order in the district court of the United States for the judicial district in which the violation occurred, *as set forth in 42121*.

49 U.S.C. § 20109(d)(2)(A)(iii) (emphasis added).

This language – and in particular the phrase, "an order issued by the Secretary of Labor pursuant to the procedures in section 42121(b)" – appears broader than the language in AIR21, which says that the Secretary may sue in district court when an employer has failed to comply with "an order issued under paragraph (3)", i.e., a final order.  So the Secretary's argument that FRSA provides an independent enforcement mechanism in district court has some persuasive force.

Ultimately, however, the Court is not convinced for two reasons.  First, that last phrase in the FRSA statute quoted above – "as set forth in 42121" – would seem to incorporate, by reference, § 42121's jurisdictional limit, and thereby preclude review of a preliminary order.

But even more problematic is language used in another provision of FRSA, found just a couple paragraphs later – § 20109(d)(4), relating to appeals.  In this section, Congress used the same language – "an order issued by the Secretary of Labor pursuant to the procedures in section 42121(b)" – to refer to final orders.  The full provision reads as follows:

> **(4) Appeals**. – Any person adversely affected or aggrieved by *an order issued pursuant to the procedures in section 42121(b)*, may obtain review of the order in the United States court of appeals for the circuit in which the violation, with respect to which the order was issued, allegedly occurred or the circuit in which the complainant resided on the date of such violation. The petition for review must be filed not later than 60 days after the date of the issuance of the final order of the Secretary of Labor. The review shall conform to chapter 7 of title 5. The commencement of proceedings under this paragraph shall not, unless ordered by the court, operate as a stay of the order.

49 U.S.C. § 20109(d)(4) (emphasis added).

It seems obvious that Congress did not intend to set up a scheme where a party could directly appeal a *preliminary* order to a circuit court of appeals.  This is suggested by the language requiring appeals be filed "not later than 60 days after the date of the issuance of *the final order* of the Secretary of Labor."  *Id.* (emphasis added).

Moreover, it is a "normal rule of statutory construction that identical words used in different parts of the same Act are intended to have the same meaning . . . ." *Gustafson v. Alloyd Co.*, 513 U.S. 561, 570 (1995) (internal quotation marks omitted).  And the "close proximity" of two statutory provisions "presents a classic case for application of the normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." *Comm'r v. Lundy*, 516 U.S. 235, 250 (1996) (internal quotation marks and citations omitted).  Therefore, the meaning of the phrase "*an order issued pursuant to the procedures in section 42121(b)*" in subsection (d)(4) informs the Court's interpretation of the same phrase in sub-section (d)(2)(A)(iii). The Court determines that this language refers only to final orders.  The Court therefore lacks jurisdiction to enforce the Secretary's preliminary order.[1]

---

[1] Given this ruling, the Court will not address parties' remaining arguments.

## ORDER

**IT IS ORDERED** that:

Plaintiff's Motion for a Preliminary Injunction is **DENIED**. This case shall be **DISMISSED** as the Court has determined it lacks jurisdiction.

DATED: January 11, 2013

B. Lynn Winmill
Chief Judge
United States District Court